# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mitsue Takahashi,<br><br>                 Plaintiff,<br><br>     v.<br><br>Farmers Insurance Group – Merced Office, individuals and DOES 1 through XX, inclusive,<br><br>                 Defendants. | 09-CV-01668-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT |

## I. INTRODUCTION

Before the court is a motion to dismiss or, in the alternative, a motion for a more definite statement filed by Defendant Farmers Insurance Exchange ("Farmers") erroneously sued as Farmers Insurance Group – Merced Office. The motion is directed at all claims asserted in Plaintiff Mitsue Takahashi's *pro se* complaint. (Doc. 1.) The following background facts are taken from the complaint and the parties' submissions in connection with the motion.

## II. BACKGROUND

In the early 1990's, Plaintiff filed and litigated a lawsuit against Farmers concerning her termination from employment, and several events leading up to her termination. In that case, she alleged various *state law* employment claims. That lawsuit resulted in a judgment of nonsuit in favor of Farmers. Years later, Plaintiff filed this federal lawsuit, this time asserting *federal* employment claims arising out of the same circumstances.

A. <u>The 1991 Lawsuit</u>

1

Previously, Plaintiff filed a state court lawsuit against Farmers in Merced County Superior Court which both parties refer to in the briefing as the "1991 lawsuit." As alleged in the Third Amended Complaint ("TAC") filed September 23, 1993, the lawsuit included claims (i) for race, sex, ancestry and age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940; (ii) retaliation in violation of FEHA; (iii) intentional infliction of emotional distress ("IIED"); (iv) breach of contract; (v) breach of an implied in fact contract of employment; (vi) wrongful termination in violation of public policy; and (vii) and breach of the implied covenant of good faith and fair dealing.[1]

In the TAC, Plaintiff claimed that her termination violated FEHA and contravened California public policy. The TAC also alleged discrimination in certain actions leading up to her

---

[1] In connection with its motion, Farmers filed a request for judicial notice of various public documents from the 1991 lawsuit, including: (1) the TAC; (2) an Order After Hearing On Defendant's Motion For Summary Judgment; (3) a Notice of Entry of Judgment; (4) a Notice of Entry of Order; and (5) an Acknowledgment of Partial Satisfaction. (Doc. 6, Exs. A-E.) In ruling on a motion to dismiss, "[a] court may . . . consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or *matters of judicial notice*-without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added). A court "make take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005). The documents at issue here are public court filings in a state court lawsuit. Judicial notice of these documents is taken.

termination, such as denying her promotions into upgraded positions.

In an order dated December 8, 1993, the Superior Court granted in part and denied in part Farmers's motion for summary judgment or, in the alternative, summary adjudication. (Doc. 6, Ex. B.) The Superior Court determined that the IIED claim was preempted by California's Workers' Compensation Act and granted summary adjudication on this claim. Otherwise, the remainder of the motion was denied.

Later, at trial, the Superior Court granted a judgment of nonsuit in favor of Farmers, entered December 14, 1994. (Doc. 6, Ex. C.; *see also* Doc. 6, Ex. D at 2.) The order granting the nonsuit indicates, among other things, that, at trial, Plaintiff failed to carry her burden on her claim for discrimination under FEHA, failed to carry her burden on her claim for wrongful termination in violation of public policy, failed to show a causal connection between protected activity and her termination from employment (precluding her FEHA retaliation claim), and that good cause existed for Plaintiff's termination. Costs were taxed against Plaintiff on February 22, 1995, in the amount of $29,225.53.

B. <u>The Current Lawsuit</u>

Fourteen years later, in September 2009, Plaintiff filed this federal lawsuit. Her federal complaint, like her earlier Third Amended Complaint in state court, challenges the legality of her termination from employment, and actions leading up to her termination, including denying her promotions. The federal complaint includes claims for (i) "Wrongful Discharge –

Constructive"; (ii) Conspiracy to Defraud; (iii) IIED; and (iv) Negligent Infliction of Emotional Distress.

In her claim for "Wrongful Discharge – Constructive" (referred to in this order as the "Constructive Wrongful Discharge" claim), Plaintiff asserts that her termination violated the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII's prohibition on national origin, race, color, and sex discrimination. The complaint alleges that on or about June 12, 2009, Plaintiff filed a claim with the EEOC concerning her wrongful discharge, and the EEOC rejected the claim. The EEOC's "Dismissal and Notice of Rights," dated June 24, 2009, is attached to the complaint as Exhibit A. On this EEOC document, the EEOC stated that it was closing Plaintiff's case because: "Your charge was not timely filed with the EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

Apart from the Constructive Wrongful Discharge claim, the remaining claims are state law claims. The complaint does not allege diversity jurisdiction. However, federal question jurisdiction exists over the Title VII and ADEA claims, and supplemental jurisdiction exists over the state law claims.

C. <u>Motion To Dismiss</u>

In its motion to dismiss, Farmers argues that Plaintiff's current claims are barred by the statute of limitations and by the doctrine of res judicata (claim preclusion). In opposition, Plaintiff distinguishes her current employment lawsuit from her 1991 lawsuit by arguing that the 1991 lawsuit contained "no federal claims whatsoever." This does not address whether Plaintiff had

the unfettered opportunity to assert, in the 1991 lawsuit, any and all federal claims she had arising out of her employment with Farmers.

### III. STANDARDS OF DECISION

**A.** <u>**Motion To Dismiss**</u>

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Res judicata can be raised in a Rule 12(b)(6) motion to dismiss, *see Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007), as long as evaluating the motion does not require an examination of materials not permitted in a motion to dismiss. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider

certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908. If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

B. <u>Motion For A More Definite Statement</u>

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading" when it is "so vague or ambiguous that the party cannot reasonably prepare a response."

IV. DISCUSSION AND ANALYSIS

A review of Plaintiff's federal complaint, the EEOC documentation attached to the complaint, and the judicially noticeable public records from the 1991 lawsuit, reveal that Plaintiff's current Title VII and ADEA claims, which are contained within the Constructive Wrongful Discharge claim, are time-barred and barred by the doctrine of claim preclusion. These federal claims are subject to dismissal and supplemental jurisdiction will be declined over the remaining state law claims.

A. <u>Title VII and ADEA Claims</u>

1. <u>Time-barred</u>

"A person seeking relief under Title VII must first file a

charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (*citing* 42 U.S.C. § 2000e-5(e)(1)). Similarly, "[t]he ADEA requires a person to file a charge with the EEOC before initiating a civil action for age discrimination. 29 U.S.C. § 626(d). Ordinarily, the person must file that charge within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1). However, when the state where the act occurred has its own age discrimination law and its own enforcement agency-a so-called 'deferral state'-the ADEA extends the time to 300 days." *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998). California is a deferral state. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir. 2006); *Bouman v. Block*, 940 F.2d 1211, 1219-20 (9th Cir. 1991).

Here, as alleged in her *state* court complaint, Plaintiff was ultimately terminated from employment at Farmers on or about February 15, 1993.[2] She litigated the legality of her termination, and events leading up to her termination, in the state court lawsuit. That lawsuit resulted in a judgment of nonsuit in favor of Farmers in December 1994. Years later, Plaintiff, as alleged in her federal complaint, submitted a charge of discrimination to the EEOC on or about June 12, 2009, regarding her purported wrongful termination from Farmers. Regardless of whether the 180-day or 300-day time limitation applies, Plaintiff filed her charge of

---

[2] Plaintiff does not dispute the validity of her own allegation regarding the date of termination.

**7**

discrimination with the EEOC over fifteen years beyond any possible deadline for her claims. Accordingly, her Title VII and ADEA claims are time-barred.

### 2. Res Judicata (Claim Preclusion)

Even assuming the Title VII and ADEA claims are not time-barred, they are barred by the doctrine of res judicata. "To determine the preclusive effect of a state court judgment, federal courts look to state law." *Intri-Plex Techs.*, 499 F.3d at 1052. "Under 28 U.S.C. § 1738, federal courts must give 'full faith and credit' to judgments of state courts. Section 1738 does not allow federal courts to employ their own preclusion rules in determining the preclusive effect of state judgments. Rather, it ... commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003) (internal quotation marks omitted).

California law on claim preclusion is well established: "[t]he application of claim preclusion in California focuses on three questions: (1) was the previous adjudication on the merits, (2) was it final, and (3) does the current dispute involve the same 'claim' or 'cause of action'?" *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (internal quotation marks omitted). California law also contains a fourth requirement for res judicata to attach: "[t]he party against whom the bar is asserted must have been a party, or in privity with a party, to the first proceeding." *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 531 (2008) (emphasis and internal quotation marks omitted). All the requirements for claim preclusion are met here.

First, the nonsuit granted in favor of Farmers was an

adjudication on the merits.  The state court order specifies that the nonsuit was granted pursuant to "Code of Civil Procedure section 581c(a)."  That section, which deals with motions for judgment of nonsuit, specifically provides that "[i]f the motion is granted, *unless the court in its order for judgment otherwise specifies*, the judgment of nonsuit operates as an adjudication upon the merits." Cal. Civ. Proc. Code § 581c(c) (emphasis added). Here, the Superior Court did *not* specify that the judgment of nonsuit would not operate as an adjudication on the merits.  To the contrary, the order specifically states that it "shall operate as an adjudication on the merits."  Accordingly, the state court judgment of nonsuit was an adjudication on the merits, and the first element of claim preclusion is satisfied.

Second, the judgment of nonsuit is also final.  "Unlike the federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired." *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000) (citation omitted).  Here, the time to appeal the December 1994 judgment of nonsuit has long since expired.  The second element of claim preclusion is satisfied.

To determine whether the same claim or cause of action is involved, as explained by the Ninth Circuit in *Kay*:

> California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action. . . . California's 'primary rights' theory does not mean that different causes of action are involved just because relief may be obtained under ... either of two legal theories.   Res judicata [claim preclusion] prevents

9

> litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

504 F.3d at 809 (alteration in original) (citations and internal quotation marks omitted); *see also Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated.") (*citing Busick v. Workmen's Compensation Appeals Bd.*, 7 Cal. 3d 967, 975 (1972)).

The primary right at issue here is Plaintiff's right to be free from unlawfully motivated adverse employment actions, including denying her promotions and terminating her employment for unlawful reasons. Through her state law claims, Plaintiff litigated these adverse employment actions in the 1991 lawsuit, which resulted in a judgment of nonsuit against her. Although she asserted only *state law* claims in the 1991 lawsuit, her current federal Title VII and ADEA claims represent only new theories of liability arising out of the same adverse actions, not different causes of action. *See Crowley v. Katleman*, 8 Cal. 4th 666, 681-82 (1994) ("Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.") (internal quotation marks omitted); *Takahashi v. Bd. of Educ.*, 202 Cal. App. 3d 1464, 1476 (1988) ("[P]laintiff specifically alleges that each act complained of caused the dismissal (wrongful discharge, conspiracy, unconstitutional discharge, discharge in violation of state civil rights) or was a consequence of the termination (emotional distress, damages), part

and parcel of the violation of the single primary right, the single harm suffered."). Plaintiff had full opportunity to raise, and could have litigated, her Title VII and ADEA claims in the state court lawsuit. For these reasons, the third element of claim preclusion is satisfied.

The fourth and final requirement is that "[t]he party against whom the bar is asserted must have been a party, or in privity with a party, to the first proceeding." *Ferraro*, 161 Cal. App. 4th at 531. Here, the party against whom claim preclusion is asserted, Plaintiff, is an identical party (the plaintiff) from the 1991 lawsuit.

With all the requirements for claim preclusion established, Plaintiff's Title VII and ADEA claims are barred on res judicata grounds.

## B. Supplemental Jurisdiction

The remaining claims in Plaintiff's federal complaint are state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." "When federal claims are dismissed before trial ... pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (internal quotation marks omitted); *see also Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (recognizing the propriety of dismissing supplemental state law claims without prejudice when the district court has dismissed the federal claims over which it had original jurisdiction).

Discretion is exercised to decline supplemental jurisdiction.

11

**This lawsuit is at an early stage and no judicial resources have been spent on analyzing the merits of Plaintiff's state law claims. The state law claims present no issues of federal interest. The state court is in a better position to address state law claims. Supplemental jurisdiction is declined over the state law claims, and they are dismissed without prejudice.**

### V. CONCLUSION

**For the reasons stated:**

**1. Plaintiff's claims under Title VII and the ADEA, contained within her Constructive Wrongful Discharge claim, are time-barred and barred by res judicata. As to the Title VII and ADEA claims, the motion to dismiss is GRANTED, and these claims are DISMISSED WITH PREJUDICE.**

**2. Supplemental jurisdiction is declined over the remaining state law claims, and they are DISMISSED WITHOUT PREJUDICE.**

**3. In all other respects, Farmers's motion to dismiss or, in alternative, motion for a more definite statement is DENIED as moot.**

**Defendant shall submit a form of order consistent with, and within five (5) days following electronic service of, this Memorandum Decision.**

IT IS SO ORDERED.

**Dated:    March 9, 2010**               /s/ **Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE